UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-22643-Civ-COOKE/GOODMAN

FEDERAL ELECTION COMMISSION,

    Plaintiff,

vs.

DAVID RIVERA,

    Defendant.

_____/

## ORDER ON MOTION TO DISMISS

In this case, the Federal Election Commission ("FEC") seeks a declaration that Defendant David Rivera violated § 30122 of the Federal Election Campaign Act, 52 U.S.C. §§ 30101-46 ("FECA"), and the FEC's regulation promulgated thereunder, 11 C.F.R. §110.4(b), by knowingly and willfully making contributions in the name of another person to a political candidate's campaign. (ECF No. 1). In addition to declaratory relief, the FEC seeks civil penalties and a permanent injunction against Rivera to prevent him from engaging in similar conduct in the future.

Pending is Rivera's Motion to Dismiss Complaint. (ECF No. 17). For the reasons that follow, I grant the Motion.

## BACKGROUND

Rivera was a United States Congressman representing Florida's 25th Congressional District from January 2011 through January 2013. (ECF No. 1 ¶ 6). In 2012, Rivera unsuccessfully ran for re-election as the Republican candidate to represent Florida's redrawn 26th Congressional District. (*Id.*) Rivera lost that election to Democrat Joe Garcia. (*Id.* ¶ 12). Garcia became the Democratic nominee in the 2012 general election after defeating three other candidates in the Democratic primary, including Justin Lemar Sternad. (*Id.*).

The FEC alleges that during the Democratic primary, Rivera executed a scheme to secretly provide funds to Sternad's campaign in an attempt to weaken Garcia, who was likely to be Rivera's general election opponent. (*Id.* ¶¶ 1, 26). In April 2012, Rivera initiated the scheme when he met with his associate, Ana Sol Alliegro, and directed her to approach Sternad with an offer to provide financial support to his primary campaign. (*Id.* ¶¶ 14-15). Alliegro did so, and Sternad accepted the offer. (*Id.* ¶ 15). At Rivera's supposed direction,

Alliegro then spent the next few months acting as an intermediary, transmitting funds to Sternad, the Sternad Committee, and the vendors providing services to the Committee. (*Id.*).

The FEC claims that as part of the scheme, Sternad received nearly $70,000 in in-kind contributions in the form of campaign services. (*Id.* ¶¶ 13, 16). According to the FEC, Rivera and Alliegro hired vendors to provide Sternad's campaign with flyers, demographics research, and mailing services. (*Id.* ¶ 16). Rivera then allegedly worked with the vendors to design and distribute materials, ensured that the vendors received payment, and took steps to conceal his actions from anyone not involved in the scheme. (*Id.* ¶¶ 17-21).

The FEC asserts that Alliegro, at Rivera's behest, instructed Sternad to falsely report the source of these in-kind contributions in his disclosures to the FEC. (*Id.* ¶ 22). Accordingly, in multiple FEC reports from May to August 2012, Sternad falsely stated he had used his own personal funds to loan money to his campaign to pay for the nearly $70,000 in services that Rivera and Alliegro had arranged for him to receive. (*Id.*).

In 2013 and 2014, Sternad and Alliegro pleaded guilty to criminal charges relating to the alleged scheme. (*Id.* ¶¶ 23-24). After his 2013 guilty plea, Sternad filed amended disclosure reports with the FEC attributing the in-kind contributions at issue to "Unknown Contributors" rather than to himself. (*Id.* ¶ 24).

In April 2013, the FEC notified Rivera that it had received information indicating that he may have violated FECA. (*Id.* ¶ 28). After an investigation, it unanimously concluded that there was probable cause to believe that Rivera had done so, and filed this lawsuit alleging a single claim under 52 U.S.C. § 30122 and 11 C.F.R. § 110.4(b). (*Id.* ¶¶ 36-37). Rivera now moves to dismiss (ECF No. 17), arguing that the FEC has not adequately pled a § 30122 violation because the Complaint fails to allege "that [he] himself used a false name, or that he secretly made donations without the knowledge of [Sternad], or that he instructed Sternad, through Alliegro, to falsify his disclosure forms." (ECF No. 23 at 5).

## STANDARD OF REVIEW

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of a motion to dismiss is to test the facial sufficiency of a complaint. *See Hermoza v. Aroma Restaurant, LLC*, 2012 WL 273086, at *1 (S.D. Fla.).

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

2

*Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). A court does not have to accept legal conclusions in the complaint as true. *See Ashcroft*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

## DISCUSSION

The FEC bases its claim against Rivera on § 30122 of FECA, which provides:

> No person shall make a contribution in the name of another person or knowingly permit his name to be used to effect such a contribution, and no person shall knowingly accept a contribution made by one person in the name of another person.

52 U.S.C. § 30122.

In 1976, shortly after Congress enacted FECA, the FEC promulgated 11 C.F.R. § 110.4(b) to address § 30122's ban on contributions made in the name of another. Sections 110.4(b)(1)(i) and 110.4(b)(1)(ii) describe two forms of banned contributions: false name contributions and conduit contributions. A false name contribution occurs when a person contributes to a candidate but falsely attributes another person as the source of the contribution. False name contributions include when a person "[m]aking a contribution of money or anything of value and attributing as the source of the money or thing of value another person when in fact the contributor is the source." 11 C.F.R. § 110.4(b)(2)(ii). A conduit contribution achieves the same result when a person provides funds to another person (the conduit) who contributes the funds to the candidate. Conduit contributions include when a person provides funds to a conduit (also called a "straw donor"), who then contributes those funds to a candidate or committee without disclosing the true source of the contribution.[1] *See, e.g.*, 11 C.F.R. § 110.4(b)(2)(i). Thus, §§ 110.4(b)(1)(i) and 110.4(b)(1)(ii)

---

[1] The FEC concedes in its Memorandum in Opposition to Defendant's Motion to Dismiss Complaint ("Opposition") (ECF No. 20) that the Complaint does not allege that Rivera was involved in conduit contributions.

both address the liability of primary actors.[2]

In 1989, the FEC added § 110.4(b)(iii),[3] which applies to contributions involving secondary actors, i.e., "helpers and assisters." 11 C.F.R. § 110.4(b)(1)(iii). According to that subsection, a person can be liable under § 30122 even if he or she is not the source of the contributed funds when that person "[k]nowingly help[s] or assist[s] any person in making a contribution in the name of another." (*Id.*). A person knowingly helps or assists a contribution in the name of another when he or she "initiate[s] or instigate[s] or ha[s] some significant participation in a plan or scheme to make a contribution in the name of another." Affiliated Committees, Transfers, Prohibited Contributions, Annual Contribution Limitations and Earmarked Contributions, 54 Fed. Reg. 34,098, 34,104-05 (Aug. 17, 1989).

Recently, however, a federal judge held that the FEC exceeded its authority when it adopted § 110.4(b)(iii). In *Federal Election Comm'n v. Swallow*, 304 F. Supp. 3d 1113, 1115 (D. Utah 2018), the United States District Court for the District of Utah considered a motion to dismiss filed by defendant John Swallow, who the FEC alleged had violated the prohibition on contributions in the name of another in 52 U.S.C. § 30122. The Utah court concluded that Congress did not intend to create secondary liability for "helping and assisting" in making a contribution in the name of another when it enacted FECA, and dismissed the case. *Swallow*, 2018 WL 1725429, at *4. The court also enjoined the FEC from enforcing § 110.4(b)(1)(iii) and ordered that it be stricken from the Code of Federal Regulations.[4] *Id.*

*Swallow* is fatal to the FEC's claim against Rivera. The Complaint's sole claim for relief – titled "First Cause of Action" – unambiguously states that it arises under § 110.4(b)(1)(iii):

---

[2] Section 110.4(b)(1)(iv) addresses the liability of a primary actor who "[k]nowingly accept[s] a contribution made by one person in the name of another."

[3] The FEC's basis for adopting the new "helping and assisting" provision was an unpublished case from the United States District Court for the Middle District of Florida, *Federal Election Commission v. Rodriguez*, Case No. 86–687 Civ–T–10 (M.D. Fla. Oct. 28, 1988), in which the court held that a defendant had violated § 30122 by "knowingly assisting in the making of contributions in the name of another." See *Federal Election Comm'n v. Swallow*, 304 F. Supp. 3d 1113, 1115 (D. Utah 2018).

[4] It does not appear that the FEC appealed the decision in *Swallow*. See Docket Sheet, *Federal Election Comm'n v. Swallow*, No. 2:15-cv-439-DB (D. Utah 2018). The injunction therefore remains in place.

> Defendant David Rivera knowingly and willfully violated 52 U.S.C. § 30122 and 11 C.F.R. § 110.4(b)(1)(iii) by making contributions in the name of another when he caused, directed, and assisted in the making of contributions in the name of others to Justin Lamar Sternad's 2012 primary campaign in Florida's 26th U.S. Congressional District.

(ECF No.1 ¶ 37).[5] Likewise, the Complaint's Prayer for Relief specifically requests that the Court "[d]eclare that defendant David Rivera knowingly and willfully violated 52 U.S.C. § 30122 and 11 C.F.R. § 110.4(b)(1)(iii) by making more than $69,000 in contributions in the names of others." (*Id.* at 10).

The FEC claims in its Notice of Supplemental Authority, filed in May 2018 after the *Swallow* decision, that it has alleged both primary and secondary liability with respect to Rivera. (ECF No. 30 at 2). The Complaint does not support that claim. It does not reference §§ 110.4(b)(1)(i) or 110.4(b)(1)(ii) at all, and, as Rivera argues in his original Motion, does not allege that Rivera secretly made donations without Sternad's knowledge, or that he himself used a false name, or that he himself instructed Sternad to falsify his disclosure forms. There therefore cannot be a § 30122 violation.

## CONCLUSION

In light of the above, it is **ORDERED and ADJUDGED** that Rivera's Motion to Dismiss Complaint (ECF No. 17) be, and the same hereby is, **GRANTED**. The Clerk is directed to **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers at Miami, Florida, this 24th day of September 2018.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*

---

[5] *See also* ECF No 1 ¶ 8 (quoting § 110.4(b)(1)(iii)); ECF 20 at 2 ("The Complaint alleges that Rivera knowingly *helped and assisted* false name contributions." (emphasis added)).