# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 17-22643 COOKE/GOODMAN

| | |
|---|---|
| FEDERAL ELECTION COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DAVID RIVERA, | ) MOTION TO REOPEN AND FOR ) LEAVE TO FILE AMENDED ) COMPLAINT |
| Defendant. | ) ) |

## FEDERAL ELECTION COMMISSION'S MOTION TO REOPEN
## AND FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff Federal Election Commission ("FEC" or "Commission") respectfully moves the Court to reopen this case and for leave to file the attached amended complaint. Unlike the complaint the Court dismissed due to its reliance on a theory of secondary "helping and assisting" liability (*see* Order on Mot. to Dismiss at 3-5 (Docket No. 31) ("MTD Order")), the proposed amended complaint solely alleges that David Rivera bears primary liability for violating the Federal Election Campaign Act's prohibition on contributions in the name of another, 52 U.S.C. § 30122. In support of this motion, the Commission submits the following memorandum of law, its proposed amended complaint in accordance with Local Rule 15.1, and a proposed order.

## MEMORANDUM OF LAW

### BACKGROUND

The Commission's original complaint in this case alleged that, during the 2011-2012 federal election cycle, then-U.S. Congressman David Rivera "executed a scheme to secretly

provide funds to [Justin Lemar] Sternad's campaign in an attempt to weaken [Democrat Joe] Garcia, who was likely to be Rivera's general election opponent." (MTD Order at 1.) As alleged in the initial complaint, Rivera, working with Ana Sol Alliegro at his direction, provided Sternad's campaign with "nearly $70,000 in in-kind contributions in the form of campaign services." (*Id.* at 1-2.) The original complaint alleged that "Alliegro, at Rivera's behest, instructed Sternad to falsely report the source of these in-kind contributions in his disclosures to the FEC," and that Sternad did so in "multiple FEC reports from May to August 2012." (*Id.* at 2.) In its pleading, the FEC relied upon 11 C.F.R. § 110.4(b)(iii), "which applies to contributions involving secondary actors," and contended that Rivera violated that regulatory provision when he "'caused, directed, and assisted in the making of contributions in the name of others to . . . Sternad's 2012 primary campaign.'" (*Id.* at 4-5 (quoting Compl. ¶ 37 (Docket No.1)).)

Following the submission of the parties' briefing on Rivera's motion to dismiss, the United States District Court for the District of Utah issued an opinion in another enforcement case brought by the FEC. In that opinion, granting a motion to dismiss, the Utah district court enjoined the Commission from enforcing the helping or assisting portion of the FEC's regulation codified at 11 C.F.R. § 110.4(b)(1)(iii) and ordered that subsection stricken from the Code of Federal Regulations. *FEC v. Swallow*, 304 F. Supp. 3d 1113, 1118 (D. Utah 2018). The Commission thereafter filed a notice of supplemental authority in this Court, informing the Court and Rivera of the decision in *Swallow*. (FEC's Notice of Suppl. Authority (Docket No. 30).)

In an order that was docketed on September 27, 2018, this Court granted Rivera's motion to dismiss. (MTD Order at 1-5.) After summarizing the Commission's original complaint, Rivera's dismissal motion, and the decision in *Swallow*, the Court determined that "*Swallow* is fatal to the FEC's claim against Rivera. The Complaint's sole claim for relief . . .

unambiguously states that it arises under [11 C.F.R.] § 110.4(b)(1)(iii) . . . . " (*Id.* at 4.) Noting that the Commission had contended in its notice of supplemental authority that its original complaint had alleged theories of both primary and secondary liability for Rivera, the Court found that "[t]he Complaint does not support that claim." (*Id.* at 5.) The Court found that there could not "be a § 30122 violation," as pleaded, because the original complaint did "not reference §§ 110.4(b)(1)(i) or 110.4(b)(1)(ii) at all, and, as Rivera argues in his original Motion, does not allege that Rivera secretly made donations without Sternad's knowledge, or that he himself used a false name, or that he himself instructed Sternad to falsify his disclosure forms." (*Id.*) The Court then directed the clerk to close the case and denied as moot all pending motions. (*Id.*)

## ARGUMENT

The Court should reopen this case and grant the Commission leave to file its proposed amended complaint addressing the defects the Court identified in its dismissal order. In accordance with Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure, as well as Rule 15(a)(2), the FEC should be permitted to continue its case based upon the proposed amended complaint's allegations that Rivera directly violated 52 U.S.C. § 30122's prohibition on contributions in the name of another.

### I. STANDARD OF REVIEW

In accordance with Rule 15's provision that a "court should freely give leave [to re-plead] when justice so requires," Fed. R. Civ. P. 15(a)(2), the Eleventh Circuit "encourage[s] district courts to liberally grant plaintiffs leave to amend complaints even after dismissal, but they are not required to do so following a dismissal with prejudice," *Green v. City of Lawrenceville*, No. 17-15015, 2018 WL 3993413, at *3 (11th Cir. Aug. 20, 2018) (per curiam) (citing *Czeremcha v. Int'l Ass'n of Machinists, AFL-CIO*, 724 F.2d 1552, 1556 & n.6 (11th Cir. 1984));

*accord Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (modifying prior rule regarding *sua sponte* provision for amendment of complaints). The Eleventh Circuit has also indicated that, in making a motion to amend a complaint in the post-dismissal context as here, "[t]he plaintiff may also move for relief under Rules 59(e) or 60(b) on the basis of proposed amendments, even after the action is dismissed and final judgment is entered." *Czeremcha*, 724 F.2d at 1556 & nn.6-7 (footnote omitted). Accordingly, courts have permitted plaintiffs to amend their complaints following dismissal. *See, e.g.*, *Hoefling v. City of Miami*, No. 11-22358, 2013 WL 12196849, at *2 (S.D. Fla. Mar. 18, 2013) (relying on *Czeremcha* and granting post-dismissal leave to file a second amended complaint); *see also Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 n.6 (11th Cir. 1993) ("We note that had the [plaintiffs] moved to amend their complaint after dismissal . . . the district court would have been well within the bounds of its discretion to allow the amendment."); *Thomas v. Farmville Mfg. Co.*, 705 F.2d 1307, 1307 (11th Cir. 1983) (per curiam) (explaining that "[a] grant of leave to amend is particularly appropriate following dismissal of a complaint for failure to state a claim, and, in the absence of a declared or apparent reason, an outright refusal to grant leave to amend is an abuse of discretion" (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation omitted)).

      Courts in the Eleventh Circuit have further explained that "[t]he same [Rule 15(a)] standards apply when a plaintiff seeks to amend after a judgment of dismissal has been entered [as when] asking the district court to vacate its order of dismissal pursuant to Fed. R. Civ. P. 59(e)." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) ("*Davie*"); *Powell v. Accurate Inventory & Calculating Servs.*, No. 10-01558, 2011 WL 1299514, at *1 (M.D. Fla. Apr. 4, 2011) (granting post-dismissal motion for leave to amend, citing *Czeremcha*, and noting

that "[w]hile technically not a Rule 15 motion to amend[,] Rule 15(a) nonetheless provides guidance as to the 'liberal[ ]' standard to be applied in determining whether to grant Plaintiff leave to amend"); Federal Practice & Procedure, 6 Fed. Prac. & Proc. Civ. § 1489 (3d ed.) (noting that although the court has "authority to set aside the judgment, the question whether an amendment then should be allowed is governed by Rule 15(a)"). "Ordinarily, '[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief,' leave to amend should 'be freely given.'" *Wedemeyer v. Pneudraulics, Inc.*, 510 F. App'x 875, 878 (11th Cir. 2013) (per curiam) (quoting *Foman*, 371 U.S. at 182 and Fed. R. Civ. P. 15(a)); *Rose v. Comm'r*, 311 F. App'x 196, 200-01 (11th Cir. 2008) (same); *accord Bellefleur v. United States*, 489 F. App'x 323, 324-25 (11th Cir. 2012) (per curiam) (reversing district court decision denying motion to amend). Indeed, the Eleventh Circuit has indicated that "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Davie*, 847 F.2d at 773 (internal quotation marks omitted)); *Jemison v. Wise*, 386 F. App'x 961, 964 (11th Cir. 2010) (per curiam) ("'[A] district court's discretion to dismiss a complaint without leave to amend is severely restricted by Fed. R. Civ. P. 15(a).'" (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)).

## II. THE COURT SHOULD REOPEN THE CASE AND GRANT THE FEC LEAVE TO RE-PLEAD

The Court should permit the FEC to continue this case with its proposed amended complaint. Here, none of the reasons for departing from the liberal standard of Rule 15 apply. There has been no undue delay, bad faith, or dilatory motive on the part of the FEC, this would be the first amendment of the complaint, permitting amendment would not unduly prejudice Rivera, and it would not be futile. *See Rose*, 311 F. App'x at 200-01 (quoting *Foman*, 371 U.S. at 182).

With respect to the concerns of timeliness and prejudice, the FEC is making this motion promptly following the Court's dismissal order.  The Court's decision on the motion to dismiss did not state that it was with prejudice or otherwise appear to "clearly indicat[e] . . . that no amendment is possible."  *Czeremcha*, 724 F.2d at 1556 n.6.[1]  An amendment at this juncture would be well within the Court's previously-entered scheduling order permitting "amendment of pleadings" by any party until February 1, 2019.  (Order Setting Civil Trial Date and Pretrial Deadlines at 1 (Docket No. 28).)  Permitting amendment would not unduly prejudice Rivera.  *See* 61A Am. Jur. 2d. Pleading § 724 ("In determining whether the amendment will cause prejudice, the court's inquiry should center on whether the nonmoving party has a fair opportunity to litigate the new issue and to offer additional evidence if the case will be tried on a different point."); *Hoefling*, 2013 WL 12196849, at *2 (explaining that granting timely motion to amend after first dismissal of complaint was appropriate and would cause no prejudice to the defendants, including because "the discovery period was still open when the Court issued its Order dismissing the complaint").  Allowing a first amended complaint well before the Court's established re-pleading deadline is manifestly not part of a repeated effort to delay or cure deficiencies through serial attempted amendments.

Furthermore, in contrast to any possibility of bad faith or dilatory motive by the FEC, the agency in this case is seeking to enforce an important provision of federal law, one which serves the public interests in the prevention of actual and apparent *quid pro quo* corruption and in the public disclosure of contributions made to Federal candidates.  FECA was enacted in significant

---

[1]  To the extent that the Court's closure of the case was intended to mean that the "dismissal of the complaint also constitute[d a] dismissal of the action," *Czeremcha*, 724 F.2d at 1556 n.6, the Commission requests that this motion be treated as a motion for reconsideration of that decision.  *See supra* p. 4 (explaining that motions to amend are permitted through the operation of Rules 59(e) and 60(b) after actions have been dismissed).

part to "limit the actuality and appearance of corruption resulting from large individual financial contributions." *Buckley v. Valeo*, 424 U.S. 1, 26 (1976) (per curiam). To that end, FECA, *inter alia*, limits the amount of funds that individuals may contribute to candidate campaign committees and requires candidates to disclose publicly the amounts they spend and receive in reports filed with the FEC. 52 U.S.C. §§ 30116; 30104. FECA's disclosure requirements help voters make informed decisions at the ballot box, deter corruption and its appearance by publicizing large contributions, and allow the FEC and the Department of Justice to detect violations of FECA's other provisions. *Buckley*, 424 U.S. at 66-69. Section 30122 plays a critical role in preventing circumvention of the limits on contributions from individuals and effectuating the disclosure system, thereby deterring corruption. *Mariani v. United States*, 212 F.3d 761, 775 (3d Cir. 2000) (citing *Buckley*, 424 U.S. at 66-68). In recognition of that importance, Congress authorized the courts to impose significantly enhanced civil and criminal penalties for violations of section 30122. Civil penalties for knowing and willful violations of section 30122 are at least five times greater than the penalties authorized for other FECA violations. *See* 52 U.S.C. § 30109(a)(6)(C). Accordingly, granting leave to amend in this case, while maintaining the existing deadlines in this Court's scheduling order, serves a salutary rather than dilatory purpose.

Finally and most critically, amendment here would not be futile. In accordance with the Court's dismissal order, the FEC's proposed amended complaint does not include allegations based on secondary (helping or assisting) liability, and the FEC has removed all references to, and reliance upon, 11 C.F.R. § 110.4(b)(1)(iii). (*See* Exh. 1, Proposed Amended Complaint ¶¶ 1-35 ("Am. Compl.").) The Commission has also removed the portions of its complaint — and accordingly proposes to reduce the requested civil penalty — basing liability on a check written

by the Florida Action Network.  (*Compare* Compl. ¶¶ 13, 19-20, Prayer for Relief C.1 (requesting $486,000), *with* Am. Compl. ¶ 13, Prayer for Relief C.1 (requesting $389,209).)

The proposed amended complaint clarifies Rivera's primary liability, explaining that his alleged violation of section 30122 is based upon his provision of in-kind contributions, paid in cash delivered by Rivera himself, or at his direction by Ana Alliegro or the Courier Service Sunshine State Messenger Service, to vendors who performed work for Sternad's campaign. (Am. Compl. ¶ 18.)  Consistent with section 30122's plain language stating that "[n]o person shall make a contribution in the name of another person," 52 U.S.C. § 30122; 11 C.F.R. § 110.4(b)(1)(i) (same), the proposed amended complaint alleges that "Rivera coordinated and funded the production and distribution of campaign materials for the Sternad Committee," concealing these in-kind contributions through his use of cash, intermediaries, and vendors, and that, on Rivera's instruction, Sternad then "falsely reported" these contributions "as loans from his personal funds to the Sternad Committee."  (Am. Compl. ¶¶ 13, 16, 20; *see also generally id.* ¶¶ 13-25; *compare* Rivera's Mot. to Dismiss Complaint at 3-5 (Docket No. 17) (treating as true for purposes of that motion that Rivera was the "donor").[2]  The proposed amended complaint alleges primary violations of section 30122 against Rivera.

---

[2]   Even if the amended complaint did not allege that Sternad had falsely reported the contributions on instructions from Rivera, the Commission respectfully submits that whether Sternad or his committee were aware of the actual source of the funds would not alter the "substance of the transaction" as a contribution in the name of another.  *See United States v. O'Donnell*, 608 F.3d 546, 550 (9th Cir. 2010) (explaining that the proper focus is on "the substance of the transaction" because, for purposes of section 30122, the contributor "has violated the statute if his own name was not provided as the source"); MURs 4322/4650 (Waldholtz) Conciliation Agreement at 5-14, http://eqs.fec.gov/eqsdocsMUR/00003AAC.pdf (accepting contributor's liability for making contributions in the name of another in violation of section 30122 when campaign was aware of the actual contributor's identity and filed false disclosure reports attributing excess contributions to the candidate).  Nor does the use of intermediaries to deliver cash or instructions, as alleged in the amended complaint, insulate Rivera from section 30122 liability.  *E.g.*, *O'Donnell*, 608 F.3d at 550 ("In the context of gifts,

## CONCLUSION

For the foregoing reasons, the Court should grant the FEC's motion to reopen this case and allow it to file the proposed amended complaint.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Counsel for plaintiff FEC conferred with counsel for defendant Rivera on October 18, 2018. Counsel for Rivera stated that Rivera objects to this motion.

Respectfully submitted,

Lisa J. Stevenson (Special Bar No. A5502354)
Acting General Counsel
lstevenson@fec.gov

Kevin Deeley (Special Bar No. A5502355)
Associate General Counsel
kdeeley@fec.gov

Charles Kitcher (Special Bar No. A5502431)
Acting Assistant General Counsel
ckitcher@fec.gov

/s/ Greg J. Mueller
Greg J. Mueller (Special Bar No. A5502376)
Sana Chaudhry (Special Bar No. A5502350)
Attorneys
gmueller@fec.gov
schaudhry@fec.gov

FOR THE PLAINTIFF
FEDERAL ELECTION COMMISSION
1050 First Street, NE
Washington, D.C. 20463
(202) 694-1650

October 22, 2018

---

the word 'giving' connotes the idea of providing from one's own resources rather than simply conveying, and thus we refer to the original source rather than the intermediary as the one who gave. Section [30122] must be understood on this same common sense level.").

9

## CERTIFICATE OF SERVICE

I, Greg J. Mueller, counsel of record in this case, certify that on October 22, 2018, I electronically filed plaintiff Federal Election Commission's Motion to Reopen and for Leave to File Amended Complaint with the Clerk of the United States District Court for the Southern District of Florida by using the Court's CM/ECF system, which sent notification of such filing to the following:

Roy J. Kahn, Esq.
rjk@roykahnlaw.com
*Counsel for Defendant David Rivera*

/s/ Greg J. Mueller
Greg J. Mueller (Special Bar No. A5502376)
Attorney
gmueller@fec.gov