# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 17-22643 COOKE/GOODMAN

| | |
|---|---|
| FEDERAL ELECTION COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| DAVID RIVERA, | )   AMENDED COMPLAINT<br>) |
| Defendant. | )<br>) |

## AMENDED COMPLAINT

1. During the 2011-2012 federal election cycle, then-U.S. Congressman David Rivera secretly provided more than $55,000 of in-kind contributions to the primary election campaign of Justin Lamar Sternad in Florida's 26th Congressional District, in violation of the Federal Election Campaign Act ("FECA" or "Act") prohibition on contributions made in the name of another. Rivera directed an associate, Ana Sol Alliegro, to approach Sternad with the offer to help fund his campaign, to which Sternad agreed. Rivera then delivered cash to vendors providing services to the committee or arranged for cash he controlled to be delivered to vendors providing services to the campaign. Rivera concealed these in-kind contributions by paying vendors in cash to produce and distribute materials for Sternad's campaign. Sternad's disclosure reports failed to disclose the true source of the contributions, instead falsely stating that the contributions were loans from Sternad's personal funds. Rivera took measures to conceal his involvement and the source of the contributions. The Rivera-supported Sternad campaign aided Rivera's own election efforts by opposing Joe Garcia during his primary election. Garcia was the candidate Rivera was likely to — and did — ultimately face in the general election. To

remedy these violations, the Federal Election Commission ("Commission" or "FEC") seeks a declaration that Rivera violated 52 U.S.C. § 30122 by knowingly and willfully making contributions in the name of another to Sternad's campaign, an appropriate civil penalty against Rivera, and a permanent injunction against future similar violations by Rivera.

## JURISDICTION AND VENUE

2.	This action seeks civil penalties, declaratory, injunctive, and other appropriate relief pursuant to the authority granted by Congress to the Federal Election Commission in the Federal Election Campaign Act, codified at 52 U.S.C. §§ 30101-146 (formerly codified at 2 U.S.C. §§ 431-457).[1]

3.	This Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1345 as an action brought by an agency of the United States expressly authorized to sue by an act of Congress. 52 U.S.C. §§ 30107(a)(6), 30109(a)(6)(A).

4.	Venue is properly found in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and 52 U.S.C. § 30109(a)(6)(A), because defendant is found, resides, and transacts business in this district and a substantial part of the acts or omissions giving rise to this action occurred in this district.

## THE PARTIES

5.	Plaintiff Federal Election Commission is the independent agency of the United States government with exclusive jurisdiction over the administration, interpretation, and civil enforcement of FECA.  *See* 52 U.S.C. §§ 30106(b)(1), 30107(a), 30109.  The Commission is authorized to institute investigations of possible violations of the Act, *id.* § 30109(a)(1)-(2), and

---

[1]	On September 1, 2014, FECA's provisions were moved from Title 2 of the United States Code to the newly created Title 52.  The alleged violations and many of the administrative actions in this matter occurred prior to this change.  A full transfer table is available at http://uscode.house.gov/editorialreclassification/t52/Reclassifications_Title_52.html.

to initiate civil actions in the United States district courts to obtain judicial enforcement of the Act, *id.* §§ 30107(e), 30109(a)(6).

6. Defendant David Rivera is a Florida resident and was a United States Congressman representing Florida's 25th Congressional District from January 2011 through January 2013. In 2012, Rivera unsuccessfully ran for re-election as the Republican candidate to represent Florida's redrawn 26th Congressional District. Rivera had served multiple terms as a Florida state legislator prior to his term as a Congressman. In March 2017, Rivera filed paperwork with the Florida Division of Elections as a candidate in 2018 for election to represent Florida's 105th House District. Rivera did not qualify for the ballot in that Florida house race. However, public records show that in the months following that filing as a candidate, Rivera made contributions to his campaign and received contributions totaling $254,900. Rivera himself loaned the campaign $150,000.

## RELEVANT STATUTORY AND REGULATORY PROVISIONS

7. FECA provides that "[n]o person shall make a contribution in the name of another person." 52 U.S.C. § 30122 (formerly 2 U.S.C. § 441f). The Act defines "contribution" to include "any gift, subscription, loan, advance, or deposit of money or anything of value made by any person for the purpose of influencing any election for Federal office" or "the payment by any person of compensation for the personal services of another person which are rendered to a political committee without charge for any purpose." 52 U.S.C. § 30101(8)(A)(i)-(ii).

8. This prohibition against contributions in the name of another is also set forth in a Commission regulation, 11 C.F.R. § 110.4(b)(1)(i).

9. The Act authorizes a United States district court to order a defendant who has knowingly and willfully made contributions in the name of another in violation of 52 U.S.C.

§ 30122 to pay a civil penalty.  During the 2011-2012 election cycle, the Act provided that the civil penalty for such a violation may not be less than 300% of the contributions involved in the violation and may not be more than the greater of $60,000 or 1,000% of the contributions involved in the violation.  52 U.S.C. § 30109(a)(6)(C); 11 C.F.R. § 111.24(a)(2)(ii).

10.     The Act also authorizes a United States district court to order a defendant who has violated FECA, but has not done so knowingly and willfully, to pay a civil penalty.  During the 2012 election cycle, the Act provided that the civil penalty for such a violation shall not exceed the greater of $7,500 or an amount equal to any contribution involved in the violation.  52 U.S.C. § 30109(a)(6)(B); 11 C.F.R. § 111.24(a)(1).

11.     In addition to imposing civil penalties, FECA authorizes a United States district court to "grant a permanent or temporary injunction, restraining order, or other order" against any defendant who has violated the Act.  52 U.S.C. § 30109(a)(6)(B).

## FACTUAL BACKGROUND

12.     David Rivera was a Congressman representing Florida's 25th Congressional District from January 2011 through January 2013.  In 2012, Rivera ran for reelection as the Republican candidate to represent Florida's redrawn 26th Congressional District and lost to Democrat Joe Garcia.  Garcia became the Democratic candidate in the 2012 general election after defeating three other candidates in the Democratic primary, including Justin Lamar Sternad.

13.     During the Democratic primary, Rivera secretly provided cash to vendors who provided services for Sternad's primary campaign.  Between July and August 2012, Sternad and

his principal campaign committee (the "Sternad Committee"),[2] received the following in-kind contributions from Rivera:

| Approximate Date of Contribution | Amount of Contribution | Form of Payment | Payment Recipient |
|---|---|---|---|
| July 14-15, 2012 | $2,600 | Currency | Graphic Designer |
| July 23, 2012 | $10,000 | Currency | Expert Printing |
| July 17-24, 2012 | $15,901.35 | Currency | Rapid Mail |
| August 2, 2012 | $5,000 | Currency | Expert Printing |
| August 2-8, 2012 | $22,100 | Currency | Rapid Mail |
| Total | 55,601.35 | | |

14. In April 2012, Rivera met with Ana Sol Alliegro to seek her assistance in providing financial support to Sternad's primary campaign through funds Rivera would supply. Rivera directed Alliegro to approach Sternad with an offer of Rivera helping to fund Sternad's campaign.

15. On or about April 24, 2012, Alliegro spoke with Sternad and offered to transmit Rivera's funds to Sternad's campaign, to which Sternad agreed. At Rivera's direction, Alliegro then spent the next few months serving as an intermediary transmitting funds from Rivera to the vendors providing services to the Sternad Committee.

16. Rivera coordinated and funded the production and distribution of campaign materials for the Sternad Committee. He concealed his in-kind contributions to the Sternad Committee by delivering cash himself or through intermediaries, to vendors providing services to the Committee. To further his contributions, with Alliegro's help, Rivera hired vendors for the Sternad Committee that he had used for his previous campaigns. This included Inkpressions, Inc., d/b/a Expert Printing & Graphics ("Expert Printing") for designing the flyers, Campaign

---

[2] On or about July 10, 2012, Sternad re-designated his principal campaign committee from "Justin Sternad for Congress" to "Lamar Sternad for Congress." This complaint refers to both as the Sternad Committee.

Data, Inc. for demographics research, and Rapid Mail & Computer Services ("Rapid Mail") for mailing the flyers.

17. Rivera worked with the vendors, separately and with Alliegro, to design and distribute materials for the Sternad campaign. Rivera attempted to conceal his contributions by providing undisclosed funds directly to the vendors. In one instance, Expert Printing put Rivera's name on an invoice for services it provided to the Sternad Committee. In response, Rivera insisted that the vendor not use his name on the invoices.

18. Rivera made five payments for in-kind contributions to the Sternad Committee through cash delivered to vendors. Rivera's funds were hand-delivered to the vendors either by Rivera himself, by Ana Alliegro at his direction, or by the courier service Sunshine State Messenger Service.

19. In or about July 2012, the owner of Rapid Mail asked Rivera about an outstanding payment for services Rapid Mail had performed for the Sternad Committee. Rivera instructed the owner to check his company mailbox, where the owner or a Rapid Mail employee found an envelope containing several thousand dollars in cash.

20. Between May 2012 and August 2012, Sternad signed and mailed multiple disclosure reports to the FEC as the treasurer of the Sternad Committee. The reports failed to accurately disclose the source of the contributions described in paragraphs 13 to 19. Following instructions from Rivera that were conveyed by Alliegro, Sternad falsely reported the contributions as loans from his personal funds to the Sternad Committee. *See*, *e.g*., FEC, Report of Receipts and Disbursements (Lamar Sternad for Congress), http://docquery.fec.gov/pdf/334/12030871334/12030871334.pdf#navpanes=0 (2012 July Quarterly); FEC, Report of Receipts and Disbursements (Lamar Sternad for Congress),

http://docquery.fec.gov/pdf/268/12030880268/12030880268.pdf#navpanes=0 (2012 Pre-Primary Report purporting to disclose candidate loans).

21. Sternad was criminally prosecuted for his role in the activity described in this complaint as well as other activity. *United States v. Sternad*, Case No. 1:13-CR-20108 (S.D. Fla). On March 15, 2013, Sternad pleaded guilty to the criminal charges.

22. After Sternad's guilty plea, Sternad amended his FEC disclosure reports to reflect that what had previously been reported as "loans from personal funds" had actually come in via contributions, and, in a cover letter to the FEC, Sternad explained the deposit of funds into his bank account were "coordinated" and payments were made directly to vendors, by "Ana Alliegro and/or David Rivera." *See* FEC, Report of Receipts and Disbursements (Lamar Sternad for Congress), http://docquery.fec.gov/pdf/347/14031170347/14031170347.pdf (Amended 2012 July Quarterly); FEC, Report of Receipts and Disbursements (Lamar Sternad for Congress) http://docquery.fec.gov/pdf/363/14031170363/14031170363.pdf (Amended 2012 Pre-Primary Report).

23. Alliegro was also criminally prosecuted for her role in the activity described in this complaint as well as other activity. *United States v. Alliegro*, 14-20102-CR (S.D. Fla.). Court records in that case indicate that, during the criminal investigation, Rivera helped Alliegro flee the country, but she was arrested in Nicaragua and brought back to Florida. Alliegro pleaded guilty on August 19, 2014.

24. Rivera made the contributions described in paragraphs 13 to 19 for the purpose of influencing the 2012 Democratic primary election for Florida's 26th Congressional District and ultimately enhancing his own prospects in the 2012 general election.

25. Rivera made the contributions described in paragraphs 13 to 19 voluntarily and with an awareness that they were unlawful.

## ADMINISTRATIVE PROCEEDINGS

26. On April 26, 2013, the Commission notified Rivera that it had received information in the normal course of carrying out its supervisory responsibilities indicating that Rivera may have violated provisions of the Act. The Commission's letter provided Rivera with factual information known at the time and gave him the opportunity to respond. Rivera did not submit a written response.

27. On September 10, 2013, the Commission voted 5-0 to find reason to believe that Rivera had knowingly and willfully violated 2 U.S.C. § 441f (now 52 U.S.C. § 30122) by making contributions in the name of another to Sternad's primary campaign. The Commission notified Rivera of its reason-to-believe findings in a letter dated September 11, 2013, which attached the factual and legal analysis supporting the Commission's determination. *See* 52 U.S.C. § 30109(a)(2).

28. On September 25, 2013, Rivera's counsel responded to the Commission's reason-to-believe letter, stating that Rivera denied violating the Act as alleged by the Commission.

29. Following an investigation, the Commission's General Counsel notified Rivera on April 28, 2017 that it was prepared to recommend that the Commission find probable cause to believe that Rivera knowingly and willfully violated 52 U.S.C. § 30122. The General Counsel also provided Rivera with a brief stating its position on the legal and factual issues of the matter, and it informed Rivera that he may file a brief stating his position on the issues and replying to the General Counsel's brief. *See* 52 U.S.C. § 30109(a)(3). Rivera did not submit a written response.

30. After reviewing the available information, on June 1, 2017 the Commission voted 5-0 to find probable cause to believe that Rivera had knowingly and willfully violated 52 U.S.C. § 30122.  *See* 52 U.S.C. § 30109(a)(3).

31. The Commission notified Rivera of its probable cause findings against him by letter dated June 2, 2017, which also enclosed a proposed conciliation agreement.  The Commission then endeavored, for a period of not less than 30 days, to correct the violations through informal methods of conference, conciliation, and persuasion.  *See* 52 U.S.C. § 30109(a)(4)(A).

32. After the Commission was unable to secure an acceptable conciliation agreement with Rivera, on July 11, 2017 the Commission voted 5-0 to authorize filing this civil lawsuit against him.  *See* 52 U.S.C. § 30109(a)(6).

33. The Commission has satisfied all of the jurisdictional requirements in FECA that are prerequisites to filing this action.

## FIRST CAUSE OF ACTION

34. Paragraphs 1 through 33, inclusive, are incorporated herein by reference.

35. Defendant David Rivera knowingly and willfully violated 52 U.S.C. § 30122; 11 C.F.R. § 110.4(b)(1)(i) (same), by making contributions in the name of others to Justin Lamar Sternad's 2012 primary campaign in Florida's 26th U.S. Congressional District.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Federal Election Commission prays that this Court:

A. Declare that defendant David Rivera knowingly and willfully violated 52 U.S.C. § 30122; 11 C.F.R. § 110.4(b)(1)(i) by making more than $55,601 in contributions in the names of another;

  B. Permanently enjoin defendant David Rivera from making contributions in the names of others to federal candidates;

  C. Assess an appropriate civil penalty against defendant David Rivera for each violation that he is found to have committed:

   1. for each knowing and willful violation of 52 U.S.C. § 30122, a civil penalty that is not less than 300% of the amount involved in the violation and is not more than the greater of $60,000 or 1,000% of the amount involved in the violation, *see* 52 U.S.C. § 30109(a)(6)(C), 11 C.F.R. § 111.24(a)(2)(ii) (2010); here, the Commission requests 700%, or $389,209; and

   2. for each violation of 52 U.S.C. § 30122 that the Court may find to be not knowing and willful, a civil penalty not to exceed the greater of $7,500 or the amount of any contributions or expenditures involved, *see* 52 U.S.C. § 30109(a)(6)(B), 11 C.F.R. § 111.24(a)(1) (2010).

  D. Award plaintiff Federal Election Commission its costs in this action; and

  E. Grant plaintiff Federal Election Commission such other relief as may be appropriate.

            Respectfully submitted,

| | |
|---|---|
| Lisa J. Stevenson (Special Bar No. A5502354)<br>Acting General Counsel<br>lstevenson@fec.gov | /s/ Greg J. Mueller<br>Greg J. Mueller (Special Bar No. A5502376)<br>Attorney<br>gmueller@fec.gov |
| Kevin Deeley (Special Bar No. A5502355)<br>Associate General Counsel<br>kdeeley@fec.gov | FOR THE PLAINTIFF<br>FEDERAL ELECTION COMMISSION<br>1050 First Street, NE |
| Charles Kitcher (Special Bar No. A5502431)<br>Acting Assistant General Counsel<br>ckitcher@fec.gov | Washington, D.C. 20463<br>(202) 694-1650 |
| | January 15, 2019 |