# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

## CASE NO. 17-22643-CIV-COOKE/GOODMAN

FEDERAL ELECTION COMMISSION,

    Plaintiff,

v.

DAVID RIVERA,

    Defendant.

_____/

## ORDER GRANTING FEDERAL ELECTION COMMISSION'S PETITION FOR DISCLOSURE OF GRAND JURY MATERIALS

The Federal Election Commission ("FEC") filed a petition [ECF No. 58] to disclose grand jury materials from *United States v. Justin Lamar Sternad*, Case No. 13-CR-20108-CMA-1 (S.D. Fla. Feb. 22, 2013) and *United States v. Alliegro*, Case No. 14-CR-20102-RNS-1 (S.D. Fla. Feb. 20, 2014), that are in the custody of the United States Attorney for the Southern District of Florida.

The FEC's petition concerns the Amended Complaint it has filed here [ECF No. 41] against former U.S. Congressman David Rivera, who it alleged had secretly provided more than $55,000 of in-kind contributions to the 2012 primary election campaign of Justin Lamar Sternad in Florida's 26th Congressional District, in violation of the Federal Election Campaign Act ("FECA")'s prohibition on contributions in the name of another. Sternad and Ana Alliegro pled guilty to criminal charges for their roles in this activity, as

well as other activity, and these criminal cases have concluded. Although revealed to be an unindicted coconspirator in the criminal cases, Rivera was not criminally prosecuted for his alleged role in the conspiracy.

The grand jury materials at issue in the petition are: (1) business records provided by witnesses, such as invoices, vendor account documentation, payment forms, receipts, postal records, campaign mailers and/or flyers; (2) other documentary evidence collected from witnesses or defendants, such as email, texts, call logs and handwritten notes; and (3) the transcript of Alliegro's grand jury testimony.

The United States Attorney's Office consented to the filing of the FEC's petition and does not object to the requested disclosure of the grand jury materials in its possession to the FEC and Rivera but requests entry of an Order. Rivera does not oppose the motion either. And Alliegro opposes only the disclosure of her grand jury testimony; she does not object to the disclosure of materials in the other two categories.

United States District Judge Marcia G. Cooke has referred this petition to the Undersigned, both generally [ECF No. 25, referral for all non-dispositive pretrial matters] and specifically [ECF No. 66, referral of the instant petition].

Because (1) no party objects to the disclosure of grand jury materials in the first two categories; (2) the FEC has established, pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i), a "compelling and particularized need" for Alliegro's grand jury testimony under the "judicial proceedings" exception to the grand jury secrecy rule of

Federal Rule of Criminal Procedure 6; and (3) Alliegro did not cite any caselaw or other authority supporting her conclusory objection to the requested disclosure of her grand jury testimony, the Undersigned **grants** the FEC's petition.

I. **Factual Background**

The FEC filed this civil action against Rivera in July 2017 after the criminal prosecution ended. The FEC's administrative proceedings had previously been abated. During its recent discovery efforts, the FEC learned that certain key witnesses with knowledge of facts material to this case provided documentary evidence to the Department of Justice ("DOJ") many years ago but **no longer have access to or copies** of that evidence. Moreover, in his June 26, 2019 discovery responses to the FEC, Rivera provided no records relating to the transactions at issue in this case, but he did produce a declaration from Alliegro **contradicting the factual basis of her criminal guilty plea.** [ECF Nos. 51-53].

Some of the materials at issue may have been provided pursuant to a grand jury subpoena, but some materials were given to the DOJ voluntarily by witnesses or otherwise collected from them but may have been considered by the grand jury. In addition, the FEC has explained [ECF No. 58, p. 3, n. 3] that some of the materials in the USAO's possession which were provided by, or collected from, witnesses may not have been considered by the grand jury.

## II. The FEC's Position

The FEC contends that it has a compelling and particularized need justifying an exception under Rule 6(e)(3)(E)(i). First, the material it seeks is necessary to avoid injustice in this civil proceeding given that key witnesses no longer have access to or copies of documentary evidence they provided to the DOJ, or have recently disavowed testimony provided in the criminal proceeding. Second, the need for disclosure is significant given the identity of issues and witnesses in the civil and criminal proceedings and given that the materials the FEC seeks are critical to its ability to prove its case.

On the other hand, the FEC argues, the need for secrecy, if any, is slight because (a) many of the materials it requests are documents that existed independent of the grand jury investigation and may have been voluntarily provided to the DOJ, so the need for secrecy is negligible or non-existent; (b) the criminal matters have long been completed and the grand jury released; (c) the identities of the relevant witnesses have been publicly reported; and (d) Rivera faces no threat of criminal prosecution and his status as an alleged unindicted co-conspirator in the Sternad and Alliegro matters is already public knowledge. Third, the FEC says its request is narrowly tailored to the facts of this case.

Finally, the FEC points out that materials not considered by the grand jury are not even grand jury material within the meaning of Rule 6(e)'s secrecy provision and can be shared with the FEC (and Rivera) in this lawsuit. Nevertheless, it argues that an Order would generate a benefit because it would allow the parties to share information without

forcing the USAO to segregate materials into categories: those obtained without a grand jury subpoena, those obtained with a grand jury subpoena, and those never considered by the grand jury. Thus, the FEC notes, an Order would eliminate this administrative burden, which it suggests might be cumbersome and problematic "after the passage of a number of years." [ECF No. 58, p. 3, n. 3].

### III. Alliegro's Position

Although her Court-ordered [ECF No. 59] opposition response (of less than two pages) does not cite any legal authority, Alliegro opposes disclosure of her grand jury testimony because it would supposedly

> adversely affect the important public interests in (a) assuring that witnesses who provide needed testimony to federal grand juries may do so freely and cooperatively and (b) protecting cooperating witnesses from unnecessary exposure, embarrassment, and potential misuse of grand jury proceedings.

[ECF No. 64, p. 1].

Alliegro's response argues that the FEC's petition "fails to identify any compelling need" for her testimony and incorrectly contends that the FEC "appears to concede that it can obtain equivalent information by other means . . ." *Id.* But the FEC has not made such a concession. Indeed, it has taken the *opposite* position.

Alliegro also focused on the apparent fact that the February 2019 declaration referenced in the FEC's petition as contradicting the factual basis of her plea [ECF No. 58-1, declaration from FEC counsel Shaina Ward] is uncounseled and argues that the declaration has "no independent evidentiary value." [ECF No. 64, p. 2].

5

## IV. Applicable Legal Standards and Analysis

The general rule of secrecy of grand jury proceedings is codified in Rule 6(e) of the Federal Rules of Criminal Procedure. However, the Rule enumerates specific circumstances in which disclosure of grand jury materials by a district court is permissible. As is relevant here, "the court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand jury matter . . . preliminarily to or in connection with a **judicial proceeding** . . ." Fed. R. Crim. P. 6(e)(3)(E)(i) (emphasis supplied).

The "judicial proceedings" exception set forth in the Rule includes criminal as well as civil "judicial proceedings," such as the instant matter, *see, e.g.*, *In Re Miami Fed. Grand Jury No. 79-8*, 478 F. Supp. 490, 493 (S.D. Fla. 1979), and contemplates disclosure of grand jury materials for uses that are "related fairly directly to some identifiable litigation, pending or anticipated." *United States v. Baggot*, 463 U.S. 476, 480 (1983) (finding tax audit not a judicial proceeding within the exception).

A party invoking an exception under Rule 6(e) must set forth a "compelling and particularized need." *United States v. Davis*, 721 F. App'x 856, 860 (11th Cir. 2018) (finding criminal defendant failed to show compelling or particularized need for grand jury transcripts).

In *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211 (1979), the Supreme Court addressed what it takes to establish particularized need:

> Parties seeking grand jury [materials] under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.

*Id.* at 222 (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 683 (1958)).

The *Douglas Oil* standard is a "highly flexible one, adaptable to different circumstances." *United States v. Doe Inc. I*, 481 U.S. 102, 112 (1987) (finding that antitrust division government attorneys demonstrated particularized need for disclosure of grand jury materials to government attorneys in the civil division and to the local United States Attorney). The right of access to pretrial proceedings in a criminal case is applied on a "case by case basis, focusing on the circumstances involved in the case under review." *United States v. Noriega*, 917 F.2d 1543, 1547 n.6 (11th Cir. 1990).

The Eleventh Circuit has further explained that disclosure is appropriate when "'circumstances [have] created certain difficulties peculiar to this case, which could be alleviated by access to specific grand jury materials, without doing disproportionate harm to the salutary purpose of secrecy embodied in the grand jury process.'" *United States v. Aisenberg*, 358 F.3d 1327, 1348-49 (11th Cir. 2004) (quoting *United States v. Elliott*, 849 F.2d 554, 567 n.15 (11th Cir. 1988)).

A district court has "substantial discretion" in determining whether grand jury materials should be released, *Aisenberg*, 358 F.3d at 1349 (citing *Douglas Oil Co.*, 441 U.S. at 223), and "may weigh the public interest, if any, served by disclosure to a governmental

body — along with the requisite particularized need — in determining whether the need for disclosure is greater than the need for continued secrecy." *Illinois v. Abbott & Assocs., Inc.*, 460 U.S. 557, 558 (1983) (internal quotations omitted).

The Undersigned agrees with the FEC's position that its need is particularly compelling given the statute at issue here.

"Preserving the integrity of the electoral process, preventing corruption, and sustain[ing] the active, alert responsibility of the individual in a democracy for the wise conduct of government are interests of the highest importance." *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 788-89 (1978) (citation, footnote, and internal quotation marks omitted). FECA's prohibition on contributions in the name of another, along "with the concomitant requirement that the true source of contributions be disclosed," is "at the very core" of purposes behind FECA that the Supreme Court has accepted as important. *Mariani v. United States*, 212 F.3d 761, 775 (3d Cir. 2000). The prohibition "prevent[s] the circumvention of the ban on corporate and union contributions," "prevent[s] circumvention of the limits on contributions by individuals and groups . . . and the prohibition on contributions by foreign nationals," and "ensures that proper disclosure of the actual sources of campaign contributions occurs in federal elections." *Id.* at 368 (certifying constitutional questions to *en banc* Third Circuit).

The FEC's pursuit of the public interest and the policy concerns underlying the statutory effort to preserve the electoral process all support the FEC's particularized need

8

for the materials. *See In re Request for Access to Grand Jury Materials Grand Jury No. 81-1 (Hastings)*, 833 F.2d 1438, 1441 (11th Cir. 1987).

There is also a compelling need here because the FEC would be significantly hindered without the requested material. The FEC contends, persuasively in my view, that no other means to obtain the information contained in the materials seem to exist.[1]

Although "disclosure of grand jury documents is not a substitute for diligent discovery methods," *Matter of Pets. for Disclosure of Docs. Subpoenaed by Grand Jury from Sack*, 617 F. Supp. 630, 632 (S.D. Fla. 1985), that principle is inapplicable here. The FEC abated its case and its ability to collect relevant documents during the pendency of the criminal case. Moreover, the FEC has diligently sought much of the material it seeks through the instant petition from witnesses during the discovery process. However, witnesses interviewed by the Commission have stated that they no longer have access to or copies of the materials that they provided to the DOJ during its criminal investigation and would be aided by the documents in some respects when recounting the facts given the passage of time. Such circumstances warrant disclosure here. *See In re Request for*

---

[1] Given this FEC argument, the Undersigned is at a loss to understand the basis for Alliegro's representation that "the plaintiff appears to **concede** that it can obtain equivalent information by other means, such as cited reports, underlying documents, and available sworn testimony in a prior criminal proceeding." [ECF No. 64, p. 2 (emphasis added)]. Indeed, in its Reply, the FEC points out that "the fact that there are some publicly available materials such as Ms. Alliegro's guilty plea and sentencing transcripts, and news articles that have reported on her grand jury testimony, does not mean that the Commission has 'equivalent information' that it can get elsewhere." [ECF No. 65, p. 3].

*Access to Grand Jury Materials Grand Jury No. 81-1 (Hastings)*, 833 F.2d at 1442 (explaining that a House Committee's interest in conducting "full and fair" impeachment inquiry constitutes particularized need compelling disclosure of entire grand jury record).

Moreover, the FEC advises that Rivera's recent discovery responses further highlight the need for disclosure. The FEC requested a variety of documents and communications related to the 2012 democratic primary campaign, but Rivera produced no records related to the transactions at issue in this case. According to the FEC, the only documents Rivera did produce in his response to request for items he intends to rely upon were copies of two complaints Alliegro apparently made against the Assistant U.S. Attorney who prosecuted her case and a purported declaration from Alliegro that contradicts the factual basis of the guilty plea in her criminal case.

The FEC seeks to use the testimony Alliegro presumably provided to the grand jury, as well as her statements at sentencing and the documentary evidence collected from her and other witnesses, **to test the credibility of the submitted declaration**. The United States Supreme Court has determined that this is exactly the type of circumstance where "particular need" is established. *Proctor & Gamble Co.*, 356 U.S. at 683 (footnote omitted) ("[T]o impeach a witness, to refresh his recollection, to test his credibility and the like . . . are cases of particularized need where the secrecy of the proceedings is lifted discretely and limitedly.").

Concerning the material collected from other witnesses during the criminal cases,

their recollections may be faded because of the years which have passed -- a scenario which triggers a reference to what Justice Powell described in *Douglas* to be "the typical showing of particularized need." 441 U.S. at 222 n.12. The FEC notes that there are witnesses who may be required to submit to depositions in this lawsuit. Without the requested material, the FEC argues, it would not be able to impeach the witnesses, refresh their recollections, or even have full knowledge of possible facts and inconsistencies. The Undersigned agrees that this is a compelling concern, as well.

Switching topics to an analysis of competing interests, the FEC's need for disclosure significantly outweighs any need for secrecy.

First, many of the materials the FEC seeks do not fully implicate the need for grand jury secrecy and are arguably not even covered by 6(e) confidentiality in the first place because they constitute *documentary* evidence.

A request for grand jury *documents* evokes different, and less exacting, considerations than a request for transcripts of grand jury testimony. *Matter of Pets. for Disclosure of Docs. Subpoenaed by Grand Jury from Sack*, 617 F. Supp. at 632 (explaining, in an order granting the government's motion to disclose documents subpoenaed by the grand jury for use in a civil action, that "the mere fact that documents have been presented to a grand jury, does not in and of itself cloak them in a permanent state of secrecy").

This reasoning has led some courts, including the Eleventh Circuit Court of

11

Appeals, to determine that documents, even if presented to the grand jury, may not fall within the ambit of Rule 6(e)'s secrecy requirement.

For example, in *United States v. Phillips,* 843 F.2d 438, 441 (11th Cir. 1988), the Eleventh Circuit held that financial records obtained pursuant to a grand jury subpoena but not seen by the grand jury were not "matters occurring before a grand jury" and thus not subject to the secrecy provisions of Rule 6(e). Other courts have shared this view. *See, e.g., United States v. Lartey*, 716 F.2d 955, 964 (2d Cir.1983) ("[D]ocuments are not cloaked with secrecy merely because they are presented to a grand jury"); *In the Matter of Special March 1981 Grand Jury, Almond Pharm., Inc.*, 753 F.2d 575, 578-80 (7th Cir. 1985) (finding subpoenaed medical and financial records not "matters occurring before the grand jury"); *In re Grand Jury Proceedings Relative to Perl*, 838 F.2d 304, 306 (8th Cir. 1988) ("Courts have consistently distinguished the request for documents generated independent of the grand jury investigation from the requests for grand jury minutes or witness transcripts. . . ."); *Alexander v. F.B.I.*, 186 F.R.D. 102, 108 (D.D.C. 1998) ("[D]ocuments generated independently of grand jury investigations typically are more likely to fall outside the framework of the protections afforded by Rule 6(e) than those generated explicitly for grand jury proceedings").

Thus, when documents are sought for their intrinsic value in the furtherance of a lawful investigation -- rather than to learn what took place before the grand jury -- secrecy cannot be premised merely on the fact that the same information was revealed to or

12

considered by a grand jury. *F.D.I.C. v. Fid. & Deposit Co. of Md.*, No. 6:12-MC-108-ORL-31, 2012 WL 5378922, at *3 (M.D. Fla. Oct. 17, 2012) (granting request for grand jury documents where "[p]laintiff is interested in this information for its intrinsic value and not to learn what took place before the grand jury"), *report and recommendation adopted as modified sub nom. Fed. Deposit Ins. Corp. v. Fid. & Deposit Co. of Md.*, No. 6:12-MC-108-ORL-31, 2012 WL 5378802 (M.D. Fla. Oct. 31, 2012).

To the extent any documents were subpoenaed and considered by the grand jury, the documents are sought here in this FEC-initiated civil lawsuit for their own sake, to obtain the information in the documents, not to determine what, if anything, occurred before the grand jury.

There is thus a strong argument that the documents the FEC seeks are not covered by Rule 6(e), evidencing that the need for secrecy is low.

In any event, even if all of the limited materials the Commission seeks could be considered "grand jury materials" under Rule 6(e), secrecy is simply no longer an issue at this point.

In *Proctor & Gamble Co.*, the Supreme Court explained the policies underlying grand jury secrecy:

> (1) [t]o prevent the escape of those whose indictment may be contemplated;
> (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors;
> (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those

> indicted by it;
> (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes;
> (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

356 U.S. at 681-82 n.6 (quoting *United States v. Rose*, 215 F.2d 617, 628-629 (3d Cir. 1954)).

The first four considerations are inapplicable in this case, as the criminal cases have been completed and the grand jury has been released. The names of many of the witnesses involved in the investigation are well known and the facts of the criminal investigation have been widely covered in the press.

As a result, there is little danger of discouraging participation by witnesses with information in this matter, nor is there a possibility of them being called to testify in the concluded criminal matters. *Lockheed Martin Corp. v. Boeing Co.*, 393 F. Supp. 2d 1276, 1280 (M.D. Fla. 2005) (granting request where "[t]here is no showing that individuals or entities that are subjects or targets of the grand jury discussed in the withheld documents have not already been revealed."); *Gomez v. Wells Fargo Bank, N.A.*, No. 13-23420-CIV, 2014 WL 12634406, at *1 (S.D. Fla. Mar. 6, 2014) ("When the considerations justifying secrecy are less relevant, the burden on the party seeking disclosure also are less.") (citing *Douglas Oil*, 441 U.S. at 223); *see also Butterworth v. Smith*, 494 U.S. 624, 632 (1990) ("When an investigation ends, there is no longer a need to keep information from the targeted individual in order to prevent his escape."); *In re Grand Jury Proceedings GJ-76-4 & GJ-75-3*, 800 F.2d 1293, 1301 (4th Cir. 1986) ("If the grand jury investigation not only has

terminated but, in addition, the resulting criminal proceedings themselves have been concluded without any threat of other prosecutions, the reasons for secrecy are weakened even further.").

With respect to the fifth consideration, the alleged co-conspirators in the criminal case have already been named[2] and maintaining secrecy to prevent disclosure of the government's investigation or its targets is not necessary now.

Rivera was not criminally prosecuted, and the statute of limitations for bringing any criminal action against him or anyone else for the underlying events of this case has long since expired. There are no outstanding indictments against any other party in connection to the underlying criminal case and thus no likelihood of any further criminal proceeding regarding this matter. Such circumstances present little need for continued secrecy. *See In re Grand Jury Proceedings GJ-76-4 & GJ-75-3*, 800 F.2d at 1303 (allowing production where whole matter had already been thoroughly aired publicly in criminal proceedings that resulted in acquittal and grand jury proceedings had terminated years earlier).

Moreover, from a practical matter, **no one involved is objecting** to the FEC's request that documents (as opposed to Alliegro's grand jury testimony) be disclosed to it and Rivera in this case. The complete absence of any objection to a document disclosure

---

[2] The FEC's petition cites several examples of press coverage. [ECF No. 58. pp. 9-12, *see* footnotes 4 and 6, listing articles from The Miami Herald].

is likely the result of the considerations discussed above. But, regardless of why no one has objected, the overarching practical point is that there is no objection.

Finally, the Undersigned agrees with the FEC's position that requested grand jury materials are specifically tailored and limited to the facts of this case. The FEC is not seeking the identities of grand jurors, nor is it seeking to learn what happened during the grand jury's deliberations. Rather, the materials sought here relate to specific parties and specific acts, all of which have already been publicly aired.

The documents the FEC requests here include those collected from witnesses who are already on record -- both in the criminal proceedings and in the press -- as having provided various printing, mailing or other similar services for the Sternad campaign. These are documents that these witnesses created in the ordinary course of their businesses, **independent of the grand jury investigation.** They are sought for their own sake, and therefore do not compromise the secrecy considerations afforded by Rule 6(e). *Phillips*, 843 F.2d at 441. The mere fact that they were later subpoenaed does not, according to the caselaw authority cited above (which admittedly is not the unanimous view across the country) does not immunize them under a grand jury secrecy rationale.

Moreover, the FEC is not seeking to learn what use the grand jury made of these records. It wishes only to inspect and copy the records for its own lawfully authorized enforcement of FECA -- and to provide Rivera and is counsel the identical opportunity.

Finally, the Commission's request for disclosure of Alliegro's grand jury testimony

is tailored as narrowly as possible, given the nature of Rivera's defenses and Alliegro's purported recent declaration that conflicts with her testimony in the criminal case that served as the basis of her guilty plea. To effectively test her apparent new claim of lacking knowledge of Rivera's involvement in the facts of this case, the FEC requires complete and precise knowledge of what Alliegro represented to the grand jury. The FEC's request specifically excludes all other persons who may have testified before the grand jury, or any accompanying summaries that might exist. Given the very limited nature of materials the FEC seeks, the disclosure request meets the third and final prong of the *Douglas Oil* test, and disclosure of the requested materials is appropriate.

Alliegro has not argued that *she* would suffer any particular harm as a result of a limited disclosure of her grand jury testimony for use in this lawsuit. To the contrary, she contends that disclosure would adversely affect "important *public* interests." [ECF No. 64, p. 1 (emphasis added)]. But the FEC contends, in its Reply, that "there is an important public interest in allowing the Commission access to this testimony to have a fair opportunity to fully conduct its investigation, develop its case, and further the ends of justice in its enforcement of the Federal Election Campaign Act." [ECF No. 65, p. 3]. The Undersigned finds this argument to be persuasive under the specific facts of this case. *See, e.g., In re Request for Access to Grand Jury Materials Grand Jury No. 81-1, Miami*, 833 F.2d 1438, 1441 (11th Cir. 1987) (emphasis added) ("The standard for government movants remains one of particularized need, but under this standard we may **weigh the public**

**interest served by disclosure**.") (affirming order granting House Judiciary Committee's request for access to grand jury records for use in its impeachment inquiry concerning a federal judge who had been acquitted of criminal charges in a jury trial).

## V.     Conclusion

The Undersigned **grants** the FEC's petition. The United States Attorney's Office shall as soon as practicable give the FEC and Rivera access to the three categories of grand jury materials discussed in this Order for inspection and copying and use in this civil action.

**DONE and ORDERED** in Chambers, in Miami, Florida, on September 13, 2019.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All Counsel of Record