**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-22643-Civ-COOKE/GOODMAN**

FEDERAL ELECTION COMMISSION,

    Plaintiff,

v.

DAVID RIVERA,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO PERMIT THE DEPOSITION OF
ASSISTANT UNITED STATES ATTORNEY THOMAS MULVIHILL**

**THIS MATTER** is before the Court upon Defendant David Rivera's Motion to Permit the Deposition of Assistant United States Attorney Thomas Mulvihill (the "Motion") (ECF No. 144), filed August 14, 2020. Plaintiff Federal Election Commission ("FEC") filed its opposition to the Motion on August 28, 2020. Notably, Defendant David Rivera ("Rivera") did not file a reply brief in support of his Motion. The Court has reviewed the Motion as well as the Court docket in this matter and has determined that, for the reasons discussed below, the Motion should be denied.

To justify his request to extend the fact discovery deadline, Rivera must show good cause for such an extension. *See* Fed. R. Civ. P. 16(b)(4) (providing that a scheduling order "may be modified only for good cause and with the judge's consent."). The Court has already issued three amended scheduling orders in this matter and has, thereby, extended the fact discovery deadline on *three* separate occasions. *See* ECF Nos. 90, 95, and 122. More specifically, on January 2, 2020, the Court extended the fact discovery deadline to February 2, 2020. ECF No. 90. Then, through its February 4, 2020 Order, the Court extended the fact discovery deadline to April 17, 2020. Not to be out done, on July 3, 2020, the Court granted Rivera's unopposed motion to continue the trial date and pretrial deadlines. ECF No. 122. By virtue of that Order, the Court extended the fact discovery deadline to July 20, 2020. Yet, here again, Rivera seeks another extension of the fact discovery deadline. And, at this point, two summary judgment motions have already been filed and fully briefed in this case. Further, at the time that Rivera filed his Motion, the FEC had already filed its initial brief and statement of undisputed facts supporting its motion for summary judgment.

*See* ECF No. 142. Meanwhile, Rivera has not provided good cause to explain why he was unable to depose Mr. Mulvihill during the six months of additional time that the Court granted the Parties to complete fact discovery in this case. Scheduling conflicts do not justify a fourth extension of the fact discovery deadline. Scheduling conflicts are a part of life. Counsel is expected to be able to resolve such conflicts and diligently work to comply with the Court's deadlines. Otherwise, the Court's deadlines would be meaningless. Nor does COVID-19 justify Rivera's latest request for an extension of the discovery deadline. Indeed, Rivera has not provided a reason why he could not have deposed Mr. Mulvihill, via Zoom, at some point during the additional six months that he had to complete fact discovery. This is especially true given that Rivera admits that he found the time and means to travel to Canada during the COVID-19 Pandemic. *See* ECF No. 125. As such, the Court finds that Rivera has failed to demonstrate good cause to warrant an additional extension of the fact discovery deadline in this matter. *See Frank v. AGA Enterprises, LLC*, 17-61373-CIV, 2020 WL 3529292, at *2 (S.D. Fla. June 30, 2020) ("The 'good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'") (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note)). *See also Compass iTech, LLC v. eVestment All., LLC*, 14-81241-CIV, 2017 WL 1290849, at *3 (S.D. Fla. Mar. 24, 2017) ("A district court is not obligated to extend the discovery deadline, and may 'hold litigants to the clear terms of the scheduling order.'") (quoting *John Hancock Life Ins. Co. (USA) v. Andrews*, No. 1:15-CV-3715-WSD, 2015 WL 9255554, at *2 (N.D. Ga. Dec. 17, 2015) (quoting Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1307 (11th Cir. 2011)). Accordingly, it is hereby **ORDERED and ADJUDGED** that Defendant David Rivera's Motion to Permit the Deposition of Assistant United States Attorney Thomas Mulvihill (ECF No. 144) is **DENIED**.

  **DONE and ORDERED** in Chambers at Miami, Florida this 25th day of February 2021.

_____
MARCIA G. COOKE
United States District Judge

*Copies furnished to:*

*Jonathan Goodman, U.S. Magistrate Judge*

*All Counsel of Record*