UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 17-22643-CIV-CANNON/Goodman[1]

**FEDERAL ELECTION COMMISSION**,

    Plaintiff,
v.

**DAVID RIVERA**,

    Defendant.
_____/

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

**THIS CAUSE** comes before the Court upon Defendant David Rivera's "Motion to Alter or Amend or for Relief from Judgment" [ECF No. 179] (the "Motion"). Plaintiff filed a response in opposition to the Motion [ECF No. 186], to which Defendant replied [ECF No. 189]. The Court has reviewed the Motion, the full record, and is otherwise fully advised. For the reasons set forth below, Defendant's Motion [ECF No. 179] is **DENIED**.[2]

## BACKGROUND[3]

Invoking Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, Defendant seeks vacatur of the Court's Final Judgment and civil penalty, entered on March 30, 2022 [ECF No. 177 p. 13]. That Final Judgment, which followed the Court's grant of summary judgment in favor of

---

[1] Late United States District Judge Marcia Cooke presided over this matter from December 18, 2017, until it was reassigned to this Court on January 30, 2023 [ECF No. 190].

[2] Defendant failed to include a certification of conferral with opposing counsel prior to filing this motion [ECF No. 179], in violation of Local Rule 7.1(a)(3).

[3] This Order presumes familiarity with the factual and procedural history of this case as detailed in prior orders [ECF Nos. 163, 176].

1

the Federal Election Commission (FEC), imposed a $456,000 civil penalty against Defendant for knowingly and willfully making $75,927.31 in political campaign contributions in the name of another, in violation of Section 30122 of the Federal Election Campaign Act (FECA) [ECF No. 163]. 52 U.S.C. § 30122; 11 C.F.R. § 110.4(b)(1)(i).

At the summary judgment stage, Defendant raised no argument or objection to the $456,000 penalty proposed by the FEC, which represents 600% of the $75,927.31 illegal campaign contribution at issue [ECF No. 163 p. 34 (noting absence of any opposition by Defendant in summary judgment papers); *see* ECF No. 186 p. 3]. *See* 52 U.S.C. § 30109(a)(6)(C) (authorizing court, in cases of "a knowing and willful violation" of Section 30122, to impose a civil penalty "which is not less than 300 percent of the amount involved in the violation and is not more than the greater of $50,000 or 1,000 percent of the amount involved in the violation"); 11 C.F.R. § 111.24(a)(2)(ii) (reiterating 300 to 1,000 percent range based on "the amount of any contribution involved in the violation").[4]

In support of the instant Motion, Defendant relies on the Eleventh Circuit's decision in *Yates v. Pinellas Hematology & Oncology, P.A.*, 21 F.4th 1288 (11th Cir. Dec. 29, 2021), issued after summary judgment briefing and after the Court's order granting summary judgment [ECF No. 163]. In Defendant's view, *Yates* represents an intervening change in controlling law that renders the civil penalty imposed against him excessive in violation of the Excessive Fines Clause of the Eighth Amendment [ECF No. 179 pp. 1–2]. Accordingly, Defendant argues, the Court should vacate the Final Judgment and schedule an evidentiary hearing to apply "the *Yates*

---

[4] Rivera's violation occurred in 2012 [ECF No. 163 p. 1; ECF No. 1 ¶¶ 6, 14–15, 26]. The relevant statutory provision in effect at that time, codified at 2 U.S.C. § 437g, provided for civil penalties "not less than 300 percent of the amount involved in the violation and not more than the greater of $50,000 or 1,000 percent of the amount involved in the violation." 2 U.S.C. § 437g(a)(6)(C) (2008). The 300 to 1,000 percent range has remained in effect at all relevant times and continues in force as of the date of this Order. 52 U.S.C. § 30109(a)(6)(C).

test" to the amount of the fine requested by the FEC, which he further argues is "at least partially punitive in nature" and imposed pursuant to an "unconstitutionally standardless" and "arbitrary" fine provision [ECF No. 179 pp. 4–5, 15–16].

The Court is not persuaded by these arguments. Reconsideration of the Final Judgment is not warranted, nor is an evidentiary hearing necessary or justified.

**LEGAL STANDARD**

Three grounds justify reconsideration of an earlier order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.,* 320 F. Supp. 2d 1347, 1357–58 (S.D. Fla. 2004). A motion for reconsideration "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Richardson v. Johnson,* 598 F.3d 734, 740 (11th Cir. 2010) (internal quotation marks omitted); *see also Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005); *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) ("The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed."); *Reyher v. Equitable Life Assurance Soc'y,* 900 F. Supp. 428, 430 (M.D. Fla. 1995). Rather, the motion "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (internal quotation marks omitted). Reconsideration of a previous order is "an extraordinary remedy, to be employed sparingly." *Williams*, 320 F. Supp. 2d at 1358 (internal quotation marks omitted).

Rule 60(b) allows for reconsideration upon grounds including mistake, newly discovered evidence, and fraud. Fed. R. Civ P. 60(b). Rule 60(b)(6) also contains a "catch-all" provision

allowing reconsideration for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), but reconsideration under that provision, like reconsideration under Rule 59(e), is considered an "extraordinary remedy," *Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 196). A district court has broad discretion in ruling upon a motion for reconsideration under Rule 60(b) and should balance the need for substantial justice against the sanctity of final judgments. *Griffin v. Swim–Tech Corp.,* 722 F.2d 677, 680 (11th Cir. 1984).

## DISCUSSION

Defendant raises for the first time in his Motion for Reconsideration an Eighth Amendment Excessive Fines challenge to the civil penalty imposed by U.S. District Judge Cooke in March 2022 [ECF No. 177]. Defendant waited more than a year after the Court granted Plaintiff's requested penalty to raise a challenge to the civil penalty—and after a separate, unsuccessful post-summary judgment motion to dismiss for lack of jurisdiction [ECF Nos. 163, 171, 176]. There is no mention of the civil penalty in Defendant's Motion for Summary Judgment or Reply in support thereof [ECF Nos. 139, 152], or in Defendant's opposition to Plaintiff's Motion for Summary Judgment [ECF No. 146]. As Judge Cooke correctly noted in the Order Granting Summary Judgment, "Rivera has not made any opposition to the FEC's contentions regarding the Court's issuance of a civil penalty in this case" [ECF No. 163 p. 34 n.7]. And this is despite the matter of a civil penalty being ripe for Judge Cooke's consideration on summary judgment, having been raised by the FEC prominently in its motion and reply [ECF No. 142 pp. 8–9; ECF No. 153 pp. 3, 9]. *See Sierra Club v. Khanjee Holding (US) Inc.*, 655 F.3d 699, 705 (7th Cir. 2011) (finding that the defendant's argument, which invoked the Excessive Fines Clause as to a civil penalty, was ripe at the time the imposition of the penalty was "immediately impending," i.e., when the

4

defendant had the opportunity to respond to the plaintiff's motion for civil penalties).[5]

Although it is true that Defendant could not have made arguments on summary judgment specific to the *Yates* case [ECF No. 189 p. 6], nothing prevented Defendant from raising an argument on summary judgment that Plaintiff's proposed civil penalty was too high or otherwise in tension with the Eighth Amendment under traditional principles. His failure to raise any argument at all regarding the civil penalty provides sufficient basis for denying him the opportunity to bring an Eighth Amendment challenge for the first time now. *See Am. Home Assurance Co.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (affirming district court's exercise of broad discretion to refuse to amend a prior summary judgment order, where plaintiff raised for the first time on a motion for reconsideration a choice of law argument); *id.* ("There is a significant difference between pointing out errors in a court's decision on grounds that have already been urged before the court and raising altogether new arguments on a motion to amend; if accepted, the latter essentially affords a litigant 'two bites at the apple.'").[6]

Even if Defendant were not barred from challenging the proper amount of the civil penalty at this late juncture, the Eleventh Circuit's decision in *Yates* does not warrant reconsideration of the civil penalty imposed in this case. In *Yates*, the Eleventh Circuit held that "the damages and

---

[5] Judge Cooke's Order on Plaintiff's Motion for Summary Judgment noted that Defendant's opposition to Plaintiff's motion for summary judgment was "silent" on the issue of the civil penalty [*see* ECF No. 163 p. 34]. Rivera "fail[ed] to address this issue in his own summary judgment motion . . . . Nor [did] he address it in his reply brief submitted in support of his summary judgment motion" [ECF No. 163 p. 34 n.7 (citations omitted)]. Rivera claims in his reply brief now that he "opposed the imposition of a fine at summary judgment" [ECF No. 189 p. 6]. But, as noted, there is no mention in his filings about the imposition of a fine or the FEC's proposed amount for the fine. If by "opposing the imposition of a fine" Rivera means that he opposed the grant of summary judgment generally, that is clearly insufficient to raise the substance of the penalty as grossly disproportionate or otherwise.

[6] *See also Schwarz v. Bd. of Supervisors on behalf of Vills. Cmty. Dev. Dists.*, 672 F. App'x 981, 983 (11th Cir. 2017); *Katzoff v. NCL (Bah.) Ltd.*, No. 19-22754-CIV, 2022 WL 820362, at *2 (S.D. Fla. Jan. 24, 2022).

5

statutory penalties awarded in a non-intervened FCA [False Claims Act] qui tam action are subject to the Eighth Amendment's prohibition on excessive fines." 21 F.4th at 1307. The Eleventh Circuit then proceeded to conduct a traditional Excessive Fines Clause analysis to the FCA monetary award imposed in that case, doing so guided by the "non-exhaustive factors" cited in prior Eleventh Circuit and Supreme Court authority dating back to 1998. 21 F.4th at 1314.[7] The *Yates* decision, therefore, while deciding a matter of first impression as relates to the applicability of the Excessive Fines Clause to non-intervened *qui tam* suits under the FCA, ultimately applied traditional factors rooted in well-settled caselaw to determine the non-excessiveness of the imposed fine. Indeed, long before Defendant's opposition to Plaintiff's motion for summary judgment, the Eleventh Circuit and the Supreme Court had applied those non-exhaustive factors to civil penalties that were punitive in nature, as well as to criminal penalties.[8] Against this backdrop, Defendant's attempt to frame *Yates* as effecting a fundamental change related to the Excessive Fines Clause as relates to civil penalties fails; those guiding factors existed well before *Yates*, and nothing prevented Defendant from relying on those principles to challenge the FEC's proposed penalty as partially punitive and/or excessive under the Eighth Amendment.

---

[7] ("[W]e have identified several, non-exhaustive factors that guide an Excessive Fines Clause analysis: (i) whether the defendant is in the class of persons at whom the statute was principally directed; (ii) how the imposed penalties compare to other penalties authorized by the legislature; and (iii) the harm caused by the defendant. *See United States v. Chaplin's, Inc.*, 646 F.3d 846, 851 (11th Cir. 2011). *See also United States v. Bajakajian*, 524 U.S. 321, 338–40 (1998) (considering, among other things, the three factors we identified in *Chaplin's*); *United States v. Mackby*, 339 F.3d 1013, 1017–18 (9th Cir. 2003) (same)).

[8] *See, e.g., Austin v. United States*, 509 U.S. 602 (1993) (applying the Excessive Fines Clause in civil *in rem* forfeiture proceedings); *United States v. 817 N.E. 29th Drive, Wilton Manors, Fla.*, 175 F.3d 1304, 1309 (11th Cir. 1999) (applying *Bajakajian* factors in a civil *in rem* forfeiture context); *Chaplin's, Inc.*, 646 F.3d at 851 (applying *Bajakajian* factors in a criminal forfeiture context); *Mackby*, 339 F.3d at 1017–18 (applying *Bajakajian* factors to a civil penalty issued under the False Claims Act).

Nor does the record show any manifest injustice or clear error in imposition of the $456,000 civil penalty. Judge Cooke exercised her discretion to determine an appropriate civil remedy in this case considering the factors set forth in *Federal Election Commission v. Furgatch*, 869 F.2d 1256 (9th Cir. 1989)—factors considered by multiple courts in weighing civil penalties under the FECA. *Id.* at 1258 (identifying various factors to consider in imposing a civil penalty under the FECA, including "(1) the good or bad faith of the defendants; (2) the injury to the public; (3) the defendant's ability to pay; and (4) the necessity of vindicating the authority of the responsible federal agency"); *Fed. Election Comm'n v. Craig for U.S. Senate*, 70 F. Supp. 3d 82, 97 (D.D.C. 2014), *aff'd*, 816 F.3d 829 (D.C. Cir. 2016); *Fed. Election Comm'n v. Kalogianis*, No. 806CV68T23EAJ, 2007 WL 4247795, at *6 (M.D. Fla. Nov. 30, 2007). Defendant's Motion establishes no clear error in Judge Cooke's analysis. And, even if there were a basis now to conduct a belated Excessive Fines Clause inquiry, Defendant still has not shown manifest injustice in the civil penalty imposed, for the reasons stated in the FEC's opposition [ECF No. 186 pp. 13–18]. The $456,000 penalty, which represents roughly 600% of the amount of the violation, falls roughly mid-way between the 300-to-1,000 percent range provided in the penalty provision and adequately reflects Defendant's conduct and the harm to the public as explained in the Order Granting Summary Judgment [ECF No. 163 pp. 34–38]. Finally, Defendant raises a belated vagueness challenge to 52 U.S.C. § 30109(a)(6)(C), which he describes as a "standardless" penalty provision, citing Judge Tjoflat's concurrence/dissent in *Yates* [ECF No. 179 p. 15 (citing *Yates*, 21 F.4th at 1325 (Tjoflat, J., concurring in part and dissenting in part)]. But the *Yates* majority did not reach the issue of FCA's purportedly "standardless" penalty scheme, and Judge Cooke's order relies on the statutory range provided by Congress and the *Furgatch* discretionary factors applicable to FECA penalties. 869 F.2d at 1258.

CASE NO. 17-22643-CIV-CANNON/Goodman

## CONCLUSION

For the foregoing reasons, the Court rejects Defendant's contention that reconsideration of the Final Judgment is warranted under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Alter or Amend or for Relief from Judgment [ECF No. 179] is **DENIED**.

2. The Clerk is directed to forward a copy of this Order to the Eleventh Circuit in reference to 11th Circuit Appeal Number 22-11437, which is stayed pending disposition of the instant Motion.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 31st day of March 2023.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record